## UNITED STATES *vs.* JINGIRO KOJIMA, *et al.*

### January 5, 1904.

*Criminal Law.—Accessories before the Fact to Adultery and Fornication*: There may be accessories before the fact to the offenses of adultery and fornication in spite of Section 5323 R S., which defines accessories to certain crimes on the seas not including these; and Section 5533 R. S., providing for punishment of accessories after the fact to certain offenses, not including these.

*Same.—Liability of Aider, Procurer and Abettor*: A person who can--not be convicted as a principal may be convicted as an aider, procurer and abettor.

*Same.—Liability of Conspirators*: A conspiracy to procure the accomplishment of a criminal or unlawful purpose through others, will render the conspirators liable.

*Same.—Indictment Charging Several Offenses*: An indictment may charge both adultery and fornication, and the jury may find the defendant guilty of either.

*Same.—Indictment for Conspiracy.—Description of Offense the Object of the Conspiracy*: In an indictment for conspiracy the conspiracy is the gist of the indictment, and the offense which was the object of the conspiracy need not be described with the same strictness that is required in an indictment for the commission of the offense itself.

*Same.—Indictment.—Description of Overt Act*: Under the indictment it was charged that defendants collected and contributed funds in furtherance of the conspiracy, and to "foster, maintain, carry on and conduct" the crimes, the commission of which was the object of the conspiracy. This is a sufficient description of the overt act charged.

Conspiracy: Motion to Quash Indictment.

E. M. Watson, for the Motion.
J. J. Dunne, Ass't. U. S. District Attorney, *contra*.

Dole, J.   The first ground assigned for the motion is that "said indictment charges a conspiracy to commit no offense "known to the law."

The first count of the indictment charges a conspiracy "to "foster, maintain, carry on and conduct at Honolulu in the "District aforesaid, the crimes of adultery and fornication con-"trary to the statutes etc." and to collect from each of the

prostitutes engaged in said Honolulu · in the commission of the aforesaid crimes of adultery and fornication the sum of ten dollars per month for the furtherance of such enterprise, and that the defendants did collect such money for such purpose.

The second count similarly charges a conspiracy with the exception that the defendants should, instead of collecting such moneys, each pay ten dollars a month to certain persons to the Grand Jurors unknown for the furtherance of such enterprise, and that they did in fact each pay ten dollars to certain persons to the Grand Jurors unknown, for such purpose.

The third count charges the carrying out of the object of the conspiracy.

The defendants' counsel contends that the description of the offense which the indictment charges as the object of the conspiracy, is not an offense known to the laws of the United States in that it does not charge a conspiracy to commit the crimes of adultery and fornication, but "with conspiring to "become possible accessories before the fact," and questions whether there can be an accessory before the fact to the offenses of adultery and fornication because Section 5323 of the Revised Statutes defines an accessory to certain crimes on the seas not including these and the punishment therefor; and Section 5533 provides for the punishment of accessories after the fact to certain offenses not including those before us.

The fact that these two laws do not include all crimes under the statutes of the United States, does not, in my opinion, have the effect of excluding the usual rule as to accessories in regard to the crimes not mentioned in such laws. I think the case of *U. S. v. Snyder,* 14 Fed. Rep., 556, settles this point. The offense was one not included in the two sections of the Revised Statutes referred to. One of the defendants was held to be properly convicted as an aider, procurer and abettor, although he could not have been convicted as a principal in that the crime was one that could only be committed by a postmaster.

Can persons be punished as accessories to the offenses of adultery and fornication? I do not find that these are excepted from the general rule. There are numerous authorities which recognize the fact of aiders and abettors to the crime of rape.

The defendants' counsel quotes the case of *Shannon and Nugent v. Commonwealth*, 14 Pa. St. 226, as authority for the contention that there can be no conspiracy to commit adultery or fornication. The decision was to the effect, as stated in the head note, that where consent is part of a criminal act, it is not a subject of indictment as a conspiracy to commit the act. This case contains an opinion in the nature of an *obiter dictum* admitting that a conspiracy to "dishonor a man and disgrace "his family by debauching his wife would be indictable." This case has been quoted by more than one text book as authority for the rule that bigamy and incest may be objects of conspiracy.

If this conspiracy was carried out and certain parties as a result of its success should be indicted for adultery and fornication or either, could the defendants be joined as accessories?

In *People v. McKane*, 143 N. Y. 464, before the New York Court of Appeals, the court said:

"He who by command, counsel or assistance, procures another to commit the crime is, in morals and in law as culpable as the actual visible actor himself, for the reason that the criminal act, whatever it may be, is imputable to the person who conceived it and set the forces in motion for its actual accomplishment."

The defendants contend that the description of the offense which it is charged they conspired to effect, does not define a crime within the federal statutes, and that a conspiracy to "foster, maintain, carry on and conduct" or "have carried on "and have conducted" (as the second count modifies the description), such crimes, in other words, conspiring to become accessories thereto, is not within the statute, and that the description does not define a statutory crime.

The statutes of the United States provide a punishment for adultery and fornication. The indictment defines such statutory

crimes as the object of the conspiracy and charges, in effect, the defendants with conspiring to become accessories thereto.

In *Pettibone v. U. S.,* 148 U. S. 203, the court says:

"A conspiracy is sufficiently described as a combination of two or more persons, by concerted action, to accomplish a criminal or unlawful purpose * * * and the rule is accepted as laid down by Chief Justice Shaw in *Com. v. Hunt* (4 Met. 111) that when the criminality of a conspiracy consists in an unlawful agreement of two or more persons to compass or promote some criminal or illegal purpose, that purpose must be fully and clearly stated in the indictment."

The words used by Chief Justice Shaw in *Com. v. Hunt* (4 Met. 123) are as follows:

"A conspiracy must be a combination of two or more persons, by some concerted action, to accomplish some criminal or unlawful purpose."

*In Re Coy,* 127 U. S. 755-756.

The conspirators may combine to accomplish the unlawful purpose themselves, through a part of their number or to procure its accomplishment by others, and will be liable in each of such cases, otherwise conspiracies could safely be entered into for the promotion of any and all crimes so long as the conspirators agree to refrain from the actual commission thereof, but to procure others to act for them.

The second ground of the motion to quash is that "said in-"dictment, if charging a conspiracy to commit any offense "known to the law, is bad for duplicity, in this, that in each "and every count of said indictment a conspiracy to commit two "separate and distinct offenses is charged." These two offenses are adultery and fornication, and the essential part of each is illicit intercourse. Indictments may charge both adultery and fornication and the jury may find the defendants guilty of either.

Wharton, Section 383, *State v. Cowell,* 26 N. C. 231; *Dinkey v. Commonwealth,* 17 Pa. St. 126, 130.

The third ground of the motion is as follows: Because said indictment is too vague, general, insufficient and uncertain to afford said defendants proper notice to plead and establish their defenses, and this is in violation of the sixth amendment to the Constitution of the United States, which provides that in all criminal prosecutions the accused shall have the constitutional right "to be informed of the nature and the cause of the accusa- "tion against" him.

In the case of the *United States v. Wilson,* 60 Fed. Rep. 894, the court said, on a motion for a new trial:

"In indictments for conspiracy the offense for which the defendants are accused of having conspired to commit need not be set out with the same degree of strictness that is required where the indictment is for the commission of the offense itself. All the decisions upon this point are to the effect that certainty to common intent is all that is necessary."

As to the offenses for the commission of which the defendants are charged to have conspired, they are described in the words of the statute which leaves no uncertainty as to what is meant. The court of Queen's Bench in a conspiracy case "refused to quash the indictment on motion; for although, if this had been an indictment for stealing the prosecutor's goods, it would have been bad for uncertainty, yet in this case the gist of the indictment was the conspiracy, and it might be that there was so much uncertainty in the transaction which was the subject of the indictment, that the allegation could not be made with greater certainty, as the conspiracy might be to defraud the prosecutor, not of any particular goods but of any goods the prisoner could get hold of."

1 Chitty Rep., 698; 18 E. C. L. 205; *Commonwealth v. Doherty,* 10 Cush., 52.

These authorities are applicable to the case at bar as set forth in the first two counts of the indictment, for as the conspiracy charged is not to procure the commission of the offense of adultery or fornication between any two particular persons but rather to promote its commission generally by any persons so

inclined, it is impossible to particularize as to persons; and it is unnecessary. The defendants are sufficiently informed as to the criminal intentions of the conspirators as charged, to understand the nature and the cause of the accusation against them.

The counsel for defendants makes the further point that the overt act charged in the indictment, is insufficient. The first count charges that certain moneys were collected as a fund in furtherance of the conspiracy. The second count charges that the defendants contributed to such fund ten dollars each.

The counsel for the defendants argues that such fund might be "used for a perfectly proper and legitimate purpose; for "instance, for the purpose of testing the constitutionality of the "law, employing attorneys to present the test case, or for en- "deavoring in a proper manner to secure the repeal of the statute· "itself."

The indictment says the object of such fund was to enable the defendants to "foster, maintain, carry on and conduct" the crimes, the commission of which, was the object of the conspiracy. I think this is sufficient. In the case of *United States* *v. Goldberg,* 25 Fed. Cas. 1342, No. 15223, Judge Dyer charged the jury that "if upon the complete formation of such a con- "spiracy by and between themselves, either of the defendants: "made the journeys or demands of money or held the consulta- "tions and conferences alleged, as acts to effect the object of a: "previously formed conspiracy, then the offense as charged was "committed." The allegation of the indictment referred to· was: "That on the 30th day of July, 1875, the defendants at: "Milwaukee met, consulted and conferred together and with: "* * * and other persons, to devise plans and means to· "accomplish the object of the alleged conspiracy, and travelled "from Milwaukee to Chicago, and returned from Chicago to· "Milwaukee, and there consulted and conferred with Samuel "Rindkopf as to the means to be adopted to take and carry away "the said papers, documents and records."

This overt act as charged is very similar in character to the allegations of the overt act in the case at bar, and the Judge's charge strongly supports the sufficiency of the indictment in the case before us on this point.

The motion is overruled on all grounds.